Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: asegal@bhfs.com
Email: bcloveland@bhfs.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN,<br><br>Plaintiff,<br>v.<br><br>TAMARA L. BLEVINS, as an individual; TAMARA L. BLEVINS, as the Court-Appointed Personal Representative of the Estate of Lawrence R. Brosi; ZENITH AMERICAN SOLUTIONS, INC., a Maryland corporation;<br><br>Defendants. | CASE NO.: 2:17-cv-01223-RFB-NJK<br><br>**STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT TO ADD ADDITIONAL PARTY**<br><br>**FIRST REQUEST** |

Plaintiff, Board of Trustees of the Plumbers and Pipefitters Union Local 525 Pension Plan, by and through its counsel of records, Bryce C. Loveland, Esq., of the law firm of Brownstein Hyatt Farber Schreck LLP, and Defendant, American Solutions, Inc., by and through its counsel of record, Susan L. Meter, Esq. and Craig J. Mariam, Esq., of the law firm of Gordon & Rees, LLP, hereby stipulate and agree to the filing of a First Amended Complaint which adds an additional party. The proposed First Amended Complaint is attached hereto as Exhibit 1.

The Discovery Plan and Scheduling Order was entered by the Court on August 9, 2017, (ECF No. 22) and the deadline for amending the pleadings and adding parties was September 19, 2017.

15999864                                                         1

The Plaintiff's counsel understands this request comes eleven (11) days after the deadline and assures the Court this request is not sought for any improper purpose or delay. The delay was caused by difficulty in obtaining legible copies of the front and back of checks from the bank on which they were drawn on in order to evaluate and confirm the necessity of filing an amended complaint against the additional party.

| BROWNSTEIN HYATT FARBER SCHRECK, LLP | GORDON & REES LLP |
|---|---|
| /s/ Bryce C. Loveland | /s/ Susan L. Meter |
| Adam P. Segal, Esq.<br>Nevada Bar No. 6120<br>Bryce C. Loveland, Esq.<br>Nevada Bar No. 10132<br>100 North City Parkway, Suite 1600<br>Las Vegas, Nevada 89106-4614<br>Telephone: (702) 382-2101<br>Facsimile: (702) 382-8135<br>Email: bcloveland@bhfs.com | Craig J. Mariam, Esq.,<br>Nevada Bar No. 10926<br>300 South Fourth Street, Suite 1550<br>Las Vegas, Nevada 89101<br>Telephone: (702) 577-9300<br>Facsimile: (702) 255-2858<br>Email: cmariam@gordonrees.com<br><br>Susan L. Meter, Esq.<br>Gordon & Rees LLP<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071<br>Telephone: (213-576-5000<br>Email: smeter@grsm.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant, Zenith American Solutions, Inc.* |
| Dated: September 29, 2017. | Dated: September 29, 2017. |

**O R D E R**

**IT IS SO ORDERED that the Stipulation and Order to File Plaintiff's First Amended Complaint to Add Additional Party is granted.**

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 2nd day of October, 2017.

15999864

2

# EXHIBIT 1

Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: asegal@bhfs.com
Email: bcloveland@bhfs.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN, | CASE NO.: 2:17-cv-01223-RFB-NJK |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| TAMARA L. BLEVINS, as an individual; TAMARA L. BLEVINS, as the Court-Appointed Personal Representative of the Estate of Lawrence R. Brosi; ZENITH AMERICAN SOLUTIONS, INC., a Maryland corporation; THE PEOPLES STATE BANK, an Indiana corporation | |
| Defendants. | |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1).

2.      The Court has supplemental jurisdiction over the state law claim in this Complaint pursuant to 28 U.S.C. § 1367.

3.      Venue is proper under 29 U.S.C. § 1132(e)(2) because the Plaintiff is administered in Clark County, Nevada.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

## PARTIES

4. Plaintiff is the Board of Trustees of the Plumbers and Pipefitters Union Local 525 Pension Plan (the "Trust"), a defined benefit pension plan.

5. The Board of Trustees are fiduciaries of the Trust for purposes of ERISA.

6. Defendant Tamara L. Blevins is an individual, who, based on information and belief, is a resident of the State of Indiana.

7. Defendant Tamara L. Blevins, as the court-appointed personal representative of the Estate of Lawrence R. Brosi (the "Estate") was, on information and belief, appointed by the District Court of Clark County, Nevada as the personal representative of the Estate of Lawrence R. Brosi on or around October 24, 2014.

8. On information and belief, Tamara L. Blevins is Mr. Brosi's niece.

9. Zenith American Solutions, Inc., is a Maryland corporation licensed to do business in Nevada, and was a third party administrator for the Trust until January 1, 2016.

10. The Peoples State Bank ("PSB") is an Indiana for-profit corporation.

## FACTUAL BACKGROUND

11. At all relevant times, Lawrence R. Brosi was a participant in the Trust.

12. Mr. Brosi retired, effective April 1, 2007, and upon retirement, elected a normal pension.

13. Mr. Brosi's pension benefit provided that Dorothy White, as Mr. Brosi's named beneficiary, would continue to receive benefit payments for 12 months after Mr. Brosi's death.

14. Mr. Brosi died on September 28, 2014.

15. Zenith continued to send Trust checks (the "Trust Checks") to Mr. Brosi's address and made payable to Mr. Brosi after he died, which were cashed or deposited by Tamara Blevins.

16. Zenith sent an annual pension verification form to Mr. Brosi on February 1, 2015, which was returned to Zenith by the post office with an Indiana forwarding address on February 10, 2015.

17. Zenith continued to send Trust checks made payable to Mr. Brosi to the new Indiana address, but failed to resend the verification form and Ms. Blevins continued to cash the checks made payable to Mr. Brosi.

18. On January 1, 2016, Zenith was replaced as the Trust's third party administrator by BeneSys, Inc. ("BeneSys").

19. On April 4, 2016, BeneSys sent a verification form to Mr. Brosi, with no response.

20. On June 1, 2016, BeneSys sent a second verification form, which Ms. Blevins responded to as if she were the pensioner and/or beneficiary.

21. BeneSys stopped payment to Mr. Brosi in August 2016.

22. In total, $123,155.29 was paid by the Trust to Mr. Brosi after his death.

23. On information and belief, Ms. Blevins cashed and/or deposited the $123,155.29 in Trust payments made payable to Mr. Brosi into her own account and into the Estate's account, for their own benefit.

24. Tamara Blevins cashed or deposited the Trust Checks at PSB, totaling $98,304.48.

25. None of the Trust Checks cashed or deposited at PSB by Ms. Blevins contained an authentic endorsement or signature of the payee, Mr. Brosi.

26. The bulk of the Trust Checks cashed by Ms. Blevins at PSB contained the unauthorized signature of Tamara Blevins.

27. Some of the Trust Checks cashed by Ms. Blevins at PSB contained no endorsement.

28. On each occasion, PSB deposited or cashed the Trust Check amount without an endorsement by the payee, without any endorsement that even purported to be by the named payee, or without any endorsement at all, violating the most basic tenet of negotiable instrument law—a check must bear the endorsement of the named payee.

29. As the drawee bank, PSB was in the position to verify Ms. Blevins's identity and authority to cash or deposit the Trust Checks.

30. Section 7.10 of the Trust's Plan states:

> If any recipient (including a Participant, Spouse, Beneficiary or any other person) receives a payment to which he is not entitled under the terms of the Plan, either because of failure to retire, an error in computing the benefits payable hereunder or any other reason, the amount of the improper payment shall be an obligation of the recipient to the Plan, and, notwithstanding any other provisions hereof, may be recovered by the Plan through deductions from any future benefits payable to the recipient or any surviving beneficiary, or any other method as determined by the Trustees or their delegate, and in accordance with any rules or regulations adopted by the Plan. The Plan shall be entitled to an award of attorneys' fees and costs in any action to recover such erroneous payments, as well as prejudgment and postjudgment interest computed at the Plan's delinquent contribution interest rate, not the statutory rate.

31. At all times relevant to this matter until January 1, 2016, the Trust had an Administrative Service Agreement with Zenith, which required it to provide day-to-day general administrative services to the Trust, including administration of the Trust's Plan provisions in exchange for a monthly fee (the "Agreement").

32. The Agreement also required Zenith to use competent and diligent efforts to accurately maintain, update and keep current individual files for retirees.

33. The Agreement also required Zenith to implement and monitor administrative processes and procedures to prevent fraud and abuse.

34. The Agreement also stated that to the extent Zenith's actions or conduct were actions or conduct of a fiduciary under ERISA, Zenith will be deemed to be a fiduciary under ERISA as to such actions or conduct, and have the obligations and responsibilities of such a fiduciary.

35. The Agreement states that Zenith is liable to the Trust for any acts or omissions which are not in compliance with the Agreement or the Trust's Plan provisions, that Zenith is financially responsible for overpayments and obligated to repay the Trust all such overpayments.

36. The Trust's Plan requires pensioners to complete the Plan's annual eligibility verification form.

37. Zenith failed to follow-up on Mr. Brosi's annual verification when he did not respond in early 2015.

38. The Trust has made multiple requests to Zenith, the Estate and Ms. Blevins to repay the Trust.

15999611                                4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

39. Ms. Blevins has not repaid the Trust for the payments she received.

40. The Estate has not repaid the Trust for payments it received.

41. Zenith has not repaid the Trust for the erroneous payments it made on behalf of the Trust.

42. In accepting and refusing to repay the benefit erroneously paid when, in fact, she was not eligible for that benefit, Ms. Blevins has violated the terms of the Trust's Plan.

43. Ms. Blevins has wrongfully retained amounts erroneously paid by the Trust.

44. In accepting and refusing to repay the benefit erroneously paid when, in fact, it was not eligible for that benefit, the Estate has violated the terms of the Trust's Plan.

45. The Estate has wrongfully retained amounts erroneously paid by the Trust.

46. The Trust Plan's delinquent contribution interest rate is 14% per year.

47. The Trust has incurred and continues to incur attorneys' fees and costs to recover the overpayments.

## FIRST CAUSE OF ACTION

### Against Ms. Blevins Only - (ERISA § 502(a)(3) – Unjust Enrichment)

48. Paragraphs 1 through 47 are incorporated by reference as though fully stated here.

49. By continuing to pay Mr. Brosi's pension benefit after his death, the Trust overpaid his pension by $123,155.29.

50. On information and belief, Ms. Blevins cashed and/or deposited the overpayments made payable to Mr. Brosi into her own account.

51. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Trust is entitled to equitable relief to enforce the terms of the Plan. In particular, under the Plan, the Trustees are entitled to recover the overpayments.

52. The overpayments create an unjust enrichment for Ms. Blevins.

53. The Plan assets constituting the overpayments are specifically identifiable.

54. Ms. Blevins has retained the overpayments even though she is aware that she is not entitled to those funds, which were made payable to Mr. Brosi, not her.

55. Ms. Blevins has refused and failed to repay the Trust the overpayments she received.

56. The Trust is entitled to equitable restitution of the overpayments, with interest and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Against the Estate Only - (ERISA § 502(a)(3) – Unjust Enrichment)

57. Paragraphs 1 through 56 are incorporated by reference as though fully stated here.

58. By continuing to pay Mr. Brosi's pension benefit after his death, the Trust overpaid his pension by $123,155.29.

59. On information and belief, Ms. Blevins cashed and/or deposited the overpayments to Mr. Brosi into the Estate's account.

60. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Trust is entitled to equitable relief to enforce the terms of the Plan. In particular, under the Plan, the Trustees are entitled to recover the overpayments.

61. The overpayments create an unjust enrichment for the Estate.

62. The Plan assets constituting the overpayments are specifically identifiable.

63. The Estate has retained the overpayments even though it is aware that it is not entitled to those funds.

64. The Estate has refused and failed to repay the Trust the overpayments it received.

65. The Trust is entitled to equitable restitution of the overpayments, with interest and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Against Zenith Only – Breach of Contract

66. Paragraphs 1 through 65 are incorporated by reference as though fully stated here.

67. The Agreement required Zenith to administer the Trust's Plan provisions in exchange for a monthly fee, which the Trust paid.

68. Zenith failed to administer the Trust in accordance with the terms of the Trust's Plan as it relates to Mr. Brosi's annual eligibility verification form.

69. Zenith failed to abide by the terms of the Agreement as it relates to maintaining, updating and keeping current individual files for retirees, preventing fraud or abuse or repaying overpayments Zenith made payable to Mr. Brosi.

70. Zenith's failures as described above are breaches of Zenith's contract with the Trust, which has suffered a loss of $123,155.29 as a result.

71. Zenith's refusal to repay the Trust has required the Trust to bring this suit and incur attorneys' fees and costs, which Zenith is obligated to repay under the Agreement.

## FOURTH CAUSE OF ACTION

### Against Zenith Only – ERISA Violation – Breach of Fiduciary Duties

72. Paragraphs 1 through 71 are incorporated by reference as though fully stated here.

73. Zenith's disregard of the Plan's rules and policies exceeded the limits of performing purely ministerial functions, and caused Zenith to become a functional fiduciary of the Trust's Plan, within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

74. As a functional fiduciary, Zenith was bound by the prudent man standards of care under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

75. The overpayments are a breach of Zenith's duty as a functional fiduciary.

76. Zenith is liable for the overpayments pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a).

77. The Trust has been required to retain the services of attorneys to protect its rights to recover and redeem Plan assets and to prosecute this action.

78. The Trust is entitled to recover costs and attorneys' fees incurred in prosecuting this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## FIFTH CAUSE OF ACTION
### Against PSB Only – STRICT LIABILITY FOR PAYMENT OF CHECKS NOT PROPERLY PAYABLE

79. Paragraphs 1 through 78 are incorporated by reference as though fully stated here.

80. The Trust Checks cashed or deposited by Ms. Blevins at PSB contained unauthorized signatures and were not properly endorsed.

81. Section 4-401 of the Uniform Commercial Code ("UCC"), as enacted by the states

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

of Indiana and Nevada, imposes strict liability on any bank that charges against a customer's account any item not properly payable, such as a check that is not properly endorsed or contains an unauthorized signature.

82. The Trust Checks were not properly endorsed and contained unauthorized signatures, and thus were not properly payable under the UCC.

83. PSB did not have the right to charge the Trust Checks against the Trust because they were not properly payable.

84. PSB is strictly liable for improperly charging the Trust, and the Trust is entitled to have its accounts re-credited by PSB in the total amount of the Trust Checks.

## SIXTH CAUSE OF ACTION
### Against PSB Only – FAILURE TO EXERCISE ORDINARY CARE

85. Paragraphs 1 through 84 are incorporated by reference as though fully stated here.

86. Section 4-103 of the UCC, as enacted by the States of Indiana and Nevada, imposes a duty upon PSB to act with ordinary care.

87. The Trust Checks were not properly endorsed and contained unauthorized signatures, and thus were not properly payable.

88. As the drawee bank, PSB had a duty to exercise ordinary care in determining Ms. Blevins's identity and authority to cash or deposit the Trust Checks.

89. PSB failed to exercise ordinary care in its depositing or cashing of the Trust Checks.

90. PSB's actions have caused the Trust damages in accordance with § 4-103 of the UCC.

WHEREFORE, the Trust prays for relief as follows:

1. Equitable relief in the form of restitution of $123,155.29, jointly and severally, from Ms. Blevins and the Estate;

2. Judgment in favor of the Trust, for $123,155.29 from Zenith, jointly and severally with Ms. Blevins and the Estate;

3. Judgment in favor of the Trust and against The Peoples State Bank for actual

damages incurred;

    4.    For attorneys' fees and costs incurred herein;

    5.    Prejudgment and postjudgment interest at the contributory interest rate of 14% per year; and

    6.    For such other and further equitable relief as the Court deems proper.

Dated: September _____, 2017    BROWNSTEIN HYATT FARBER SCHRECK, LLP

Adam P. Segal, Esq., Nevada Bar No. 6120
Bryce C. Loveland, Esq., Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on September ___, 2017, I served a true copy of the foregoing **FIRST AMENDED COMPLAINT** upon:

☒ a. **BY CM/ECF System.**

| | |
|---|---|
| Craig J. Mariam, Esq., | Susan L. Meter, Esq. |
| GORDON & REES LLP | Gordon & Rees LLP |
| 3770 Howard Hughes Parkway, St. 100 | 633 West Fifth Street, 52nd Floor |
| Las Vegas, Nevada 89169 | Los Angeles, CA 90071 |

*Attorneys for Defendant, Zenith American Solutions, Inc.*

☒ b. **BY PERSONAL SERVICE** upon:

THE PEOPLES STATE BANK
c/o James L. Chesney, Registered Agent
601 E. Temperance St.
Elletsville, IN 47429-0000

**7/21/2017 BANKRUPTCY STAY:**

Joseph Ross
1503 W. Arlington Road
Bloomington, IN 47404

*Attorney for Tamara L. Blevins as an Individual and as the Court Appointed Personal Representative of the Estate of Lawrence R. Brosi*

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
An Employee of Brownstein Hyatt Farber Schreck, LLP